### SMITH v. BRADHURST et al.

(Supreme Court, Appellate Division, First Department.    June 24, 1898.)

SPECIFIC PERFORMANCE—EVIDENCE OF CONTRACT—AUTHORITY OF ATTORNEY.
  Pending an action for alienation of the affections of the plaintiff's husband, negotiations were instituted between the plaintiff's attorney and counsel representing the defendant in that action for its settlement; and a memorandum signed by them set forth certain proposed items of payment to be made to the plaintiff, including a mortgage to be executed by the defendant's husband upon lands owned by him.    Further negotiations followed, and were finally broken off.    In an action to specifically enforce the giving of the mortgage, it appeared that the former action had not been discontinued, and there was a complete failure to show any authority to the counsel, from the defendant's husband, to make any contract for him.    Held, that the complaint was properly dismissed.

Appeal from trial term, New York county.

Suit by Mary Edna Smith against Charles C. Bradhurst and others. From a judgment for defendants, plaintiff appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

Clarence F. Birdseye, for appellant.

Charles A. Jackson, for respondents.

INGRAHAM, J.    The action is brought for the specific performance of a contract which the complaint alleges was entered into be-

tween the plaintiff and the defendants, whereby the defendants Charles C. Bradhurst and Catherine A. Bradhurst agreed to pay to the plaintiff the sum of $2,500 in cash, and to give a note to the plaintiff for $7,500, or a bond in the penalty of twice said last-mentioned sum, to be secured by a mortgage upon certain property of the defendant Charles C. Bradhurst. The answer, while admitting that the defendants were the owners of the property described in the complaint, denies each and every allegation contained in the complaint. The court found that in the month of December, 1891, there was an action pending between the plaintiff and the defendant Catherine A. Bradhurst for the alienation of the affection of the plaintiff's husband; that on the 23d day of December, 1891, Mr. William Fullerton, an attorney at law, and Clarence F. Birdseye, one of the plaintiff's attorneys in that action, undertook to bring about a settlement of that suit, and that on said date a memorandum was made, which was signed by the initials of the gentlemen, in words and figures as follows:

"In cash ...................................................... 2,500
One year ...................................................... 8,000
"The $8,000 to be secured by a note of C. C. Bradhurst, and a mortgage on the undivided interest of Charles C. Bradhurst in the estate of Thos. C. Bradhurst, dec'd, which is subject to $3,000 already borrowed on it.

"W. F.
"C. F. B."

The court further found that subsequently the parties who had negotiated this agreement had other interviews, at which various modifications to it were proposed and accepted; that these negotiations for a settlement continued down to February 15, 1892, when they were broken off, without being fully consummated; that there was no evidence that Judge Fullerton claimed to be the agent of the defendant Charles C. Bradhurst or of Charles A. Jackson, or that they authorized him to make or sign any contract; that the evidence failed to show that Judge Fullerton was authorized to make such a contract for the defendants, or either of them,—Judge Fullerton acting during all the negotiations as counsel for Catherine A. Bradhurst, the defendant; that it did not appear that Mr. Charles C. Bradhurst authorized him to make such a settlement, or to compromise the suit in question; that there was no consideration for the contract; that no suit was discontinued or settled in consequence of it; and that the plaintiff had lost no right with respect thereto. And the court directed a dismissal of the complaint.

We think the judgment was right. The action which was pending at the time this alleged settlement was made, and which is still pending, was brought by the plaintiff against the defendant Catherine A. Bradhurst. The counsel for Mrs. Bradhurst endeavored to procure a settlement of this litigation, and proceedings in the action were adjourned from time to time pending the negotiations. On the 23d day of December, 1891, Judge Fullerton went to the office of Mr. Birdseye; producing at the time a paper which he stated was the best settlement that he could bring about. After a discussion at which Judge Fullerton said that all that they could pay was $2,500 in cash, and a mortgage for $8,000, payable in one year, to be secured upon certain property belonging to the defendant Charles C. Brad-

hurst, counsel for the plaintiff said that he would accept that, if the paper was initialed, and stated to be the terms of the closing of the settlement. And then the paper was initialed by the plaintiff's attorney and by Judge Fullerton. Subsequently, on the same day, an order was drawn up, entitled in the action then pending, providing that certain papers on file in that action be taken off file, and delivered to the attorney for the defendant in that action. The stipulation to enter that order was signed by Mr. Birdseye, and subsequently the order was entered, and the papers were taken off file and delivered to the defendant's attorney. Nothing else was done in the action pending this settlement, and these papers which were received from the file on that day were present, and tendered back to the attorney for the plaintiff, upon the trial of the action. There were subsequent discussions between the counsel representing the parties to this action, and some modification of this memorandum which was initialed on December 23, 1891. Letters passed between the counsel as to the terms of settlement, and as to the time it should be carried out. Forms of the bonds and mortgage were substituted to counsel for approval, and a form of mortgage was finally agreed to by counsel. There is evidence tending to show that Mr. and Mrs. Bradhurst had executed a bond and mortgage to the defendant Charles A. Jackson for the sum of $7,500, which were in the possession of Mrs. Bradhurst's attorney in that action on February 15th, when the negotiations finally came to an end; but none of these papers were ever delivered, or out of the possession of Mrs. Bradhurst or her attorney. On that day the parties met at the office of Judge Fullerton. The papers to be executed were examined by counsel, when objection was made by Mr. Jackson to the terms of a declaration of trust in relation to the mortgage for $7,500. Mr. Birdseye insisted upon that declaration being in the form presented. The negotiations were then broken off; the settlement was never carried out; and after the plaintiff had demanded a completion of the contract, the delivery of the mortgages, and the payment of the money, the parties separated; and the next day this action was brought,—a lis pendens having been filed upon the property of the defendant Charles C. Bradhurst. It is quite clear that this executory understanding for a settlement of the action then pending was never definitely agreed upon,—never in any way executed,—and that for this agreement sued on there was no consideration. The cause of action to recover for which the original suit was instituted was never settled. There was no accord and satisfaction which would have prevented the plaintiff in that action from proceeding to try it, or which discharged that cause of action. The only consideration for the execution of the bond and mortgage and the payment of a sum of money by the defendants was the settlement of the then pending suit; and unless, by the agreement as it existed, that suit was settled, there was no consideration for the agreement to give a bond and mortgage by the defendants, or for the agreement to pay a sum of money by the defendants to the plaintiff. The action was against the defendant Catherine A. Bradhurst. She only was liable for any recovery that could be had in that action, but it was conceded that the mortgage which was to be given was to be upon

property that belonged to the defendant Charles C. Bradhurst. In other words, the arrangement was that the defendant Charles C. Bradhurst was, by this payment of money, and the execution and delivery of the bond and mortgage, to settle the action against his wife. There was no evidence to sustain a finding that the defendant Charles C. Bradhurst ever authorized the making of an agreement, binding upon him, to pay any sum of money to settle the claim against his wife. There was no evidence that he had ever been informed that such a binding contract had ever been made by any one, or that any one purporting to act for him had ever made a contract which by its terms was binding upon him; nor is there any evidence that such a contract was made on his behalf, or by any one acting as attorney for him. The whole evidence shows that, while the counsel for the parties to the original action had in good faith agreed upon a general scheme of settlement which they considered would be advantageous, when they attempted to carry it out they were unable to agree upon its exact terms and conditions, and that the settlement fell through. It never was, on behalf of the parties to the action, a completed settlement. It never, in effect, bound any one. Up to the time that the negotiations finally failed, the plaintiff's cause of action against the defendant Catherine A. Bradhurst was never released or discharged; nor were the defendants, or either of them, bound to pay to the plaintiff any sum of money in settlement of that cause of action.

We think, therefore, that the cause of action alleged was not proved, and that the court correctly dismissed the complaint. The judgment is therefore affirmed, with costs. All concur.